IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ELIAS ECHEVERRIA-MENDEZ,

    Petitioner,                    No. CIV S-09-1372 EFB P

    vs.

RICHARD B. IVES,

    Respondent.                 ORDER

_____/

    Petitioner, a federal prisoner without counsel, seeks a writ of habeas corpus under 28 U.S.C. § 2241, and seeks leave to proceed *in forma pauperis*. He challenges the legality of his conviction and sentence for money laundering in violation of 18 U.S.C. § 1956. The premise of petitioner's motion is that, under *United States v. Santos*, 553 U.S. 507 (2008) (a decision handed down after his sentencing), his conduct does not fall within the statute's prohibitions and thus he is actually innocent.

    Petitioner is currently confined in the federal prison in Herlong, California. However, the judgment and sentence for the violation was entered in the United States District Court for the Western District of North Carolina. Generally, a federal habeas petition challenging the legality of the sentence, rather than the manner, location, or conditions of its execution, is properly brought under 28 U.S.C. § 2255 in the court in which the petitioner was sentenced (the

1 "sentencing court") rather than under 28 U.S.C. § 2241 in the court for the geographic territory
2 encompassing the prison in which the petitioner is confined (the "custodial court"). *Hernandez*
3 *v. Campbell*, 204 F.3d 861, 864-65 (9th Cir. 2000). This general rule has one exception – under
4 the savings clause of § 2255 (also known as the "escape hatch"), a federal prisoner may
5 challenge the legality of his sentence under § 2241 in the custodial court where his remedy under
6 § 2255 is inadequate or ineffective to test the legality of his detention. *Id.*; 28 U.S.C. § 2255(e).

Petitioner challenges the legality of his sentence, which was imposed by the United States District Court for the Western District of North Carolina. Thus, the instant petition should be heard by that court under§ 2255, absent a showing that such a motion is inadequate or ineffective to test the legality of the sentence. "[A] motion meets the escape hatch criteria of § 2255 when the petitioner (1) makes a claim of actual innocence, and (2) has not had an unobstructed procedural shot at presenting that claim." *Harrison v. Ollison*, 519 F.3d 952, 959 (9th Cir. 2008) (internal quotation marks omitted). In light of this authority, this court on June 22, 2010, issued an order to petitioner to show cause why his petition should not be transferred to the Western District of North Carolina. In response, petitioner argues that his petition raises a claim of actual innocence, because *Santos* establishes that the conduct to which he pleaded guilty is not covered by the statute under which he was convicted, and that he has not had an unobstructed procedural shot at presenting that claim because *Santos* was decided after his appeals had been exhausted. Dckt. No. 9 at 3-4.

The unavailability of *Santos* during petitioner's appeals does not, by itself, establish that petitioner has not had an unobstructed procedural shot at presenting his claim.

> In determining whether a petitioner had an unobstructed procedural shot to pursue his claim, . . . we consider: (1) whether the legal basis for petitioner's claim did not arise until after he had exhausted his direct appeal *and his first § 2255 motion*; and (2) whether the law changed in any way relevant to petitioner's claim after *that first § 2255 motion*.

*Harrison*, 519 F.3d at 960 (emphasis added; internal quotation marks omitted). Thus, in addition to showing that the legal basis for his claim was unavailable at the time of his appeal, petitioner

2

1  must show that it was also unavailable when he filed his first section 2255 motion. This is
2  because, generally, section 2255 bars a petitioner from bringing a second motion unless the
3  motion is based on new evidence or a change in constitutional law, and thus a petitioner who has
4  already brought one section 2255 motion prior to a change in relevant non-constitutional law
5  may be barred from bringing a second section 2255 motion based on that change. 28 U.S.C.
6  § 2255(h). Accordingly, section 2255 may be an inadequate remedy where its successive-motion
7  bar would prevent a petitioner from establishing his actual innocence. *See, e.g., Stephens v.*
8  *Herrera*, 464 F.3d 895, 897-98 (9th Cir. 2006).

9  Petitioner's submissions are silent as to whether he has ever sought to challenge his
10 conviction by motion under § 2255, but indicate that he has not. *See* Pet. at 4 (leaving blank the
11 question whether petitioner has filed any prior petitions under either § 2241 or § 2255 and
12 responding to subsequent questions regarding such petitions "not applicable"). If, as it appears,
13 petitioner has not yet brought a motion under section 2255 in the sentencing court, the
14 successive-motion bar presents no impediment to such a motion and section 2255 is not an
15 inadequate or ineffective method for petitioner to raise the instant challenge to his conviction.
16 Thus, petitioner has not shown that he has not had an unobstructed procedural shot at
17 challenging his conviction – he presumably still may do so via motion under section 2255.

18 Because petitioner has failed to establish that a motion under section 2255 in the
19 sentencing court is inadequate or ineffective to challenge the legality of his sentence, the instant
20 petition must be deemed a motion under 28 U.S.C. § 2255, and this court lacks jurisdiction to
21 consider it. *Harrison*, 519 F.3d at 957 (jurisdiction over a motion under § 2255 lies only in the
22 sentencing court); *Redfield v. United States*, 315 F.2d 76, 83 (9th Cir. 1963) (petitioner bears the
23 burden of establishing inadequacy or ineffectiveness of § 2255). Accordingly, the court takes no
24 action on petitioner's application to proceed *in forma pauperis,* and transfers this action to the
25 United States District Court for the Western District of North Carolina.
26 ////

1     Accordingly, it is ORDERED that this action is transferred to the United States District
2 Court for the Western District of North Carolina.

3 Dated: August 11, 2010.

                    EDMUND F. BRENNAN
                    UNITED STATES MAGISTRATE JUDGE